UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| ROBERT JAMES BROWN, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JEWEL CARTER, *et al.*, )<br>)<br>Defendants. ) | Case No. CV406-032 |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at Coastal State Prison, has submitted a complaint under 42 U.S.C. § 1983. On February 21, 2006, this Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. Doc. 3. Plaintiff timely returned the two forms. Docs. 4, 5. The Court determined that plaintiff was required to pay an initial filing fee and ordered plaintiff's custodian to forward payments from plaintiff's trust account to apply toward the filing fee. Doc. 6. However, upon further review, it appears that plaintiff is barred from proceeding *in forma pauperis*

due to the three strikes provision of 28 U.S.C. § 1915(g).  See McKenzie v. U.S. Dep't of Justice, 143 Fed. Appx. 165 (11th Cir. 2005) (district court may revisit earlier order allowing prisoner suit to proceed).

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has held that a prisoner barred from proceeding *in forma pauperis* due to the three strikes provision in § 1915(g) must pay the complete filing fee when he initiates a suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).  Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the three strikes provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff has previously filed at least three complaints that have been dismissed under 28 U.S.C. § 1915A, which directs courts to conduct an early

screening of prisoner suits to determine if they may be dismissed for frivolity, maliciousness, failure to state a claim upon which relief may be granted, or seeking relief from an immune defendant. See <u>Brown v. Smith</u>, 6:02-CV-126-BAE-WLB, doc. 9 (S.D. Ga. April 4, 2003) (adopting report and recommendation dismissing as frivolous and for failure to state a claim); <u>Brown v. Wimbelton</u>, 5:01-CV-449-1DF, doc. 9 (M.D. Ga. March 15, 2002) (dismissing for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a));[1] <u>Brown v. Lewis</u>, 6:02-CV-045-BAE, doc. 26 (S.D. Ga. September 12, 2002) (adopting report and recommendation dismissing for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a)). These three cases count as "strikes" under § 1915(g). Thus, without a showing of imminent danger of serious physical injury, plaintiff's *in forma pauperis* petition should be denied and his complaint dismissed without prejudice.

In order to come within the imminent danger exception, a prisoner must be in imminent danger when he files his complaint. <u>Medberry v.

---

[1] "A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted," and dismissal of a prior suit for failure to exhaust administrative remedies properly counts as a strike under § 1915(g). <u>Rivera v. Allin</u>, 144 F.3d 719, 731 (11th Cir. 1998).

Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Although plaintiff writes in his complaint, "I've been in immenent [sic] danger," above a line in which he describes a *past* attack, he does not allege that he was in imminent danger of serious physical injury at the time he filed his complaint. "[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Butler, 185 F.3d at 1193. Neither the allegations of past physical injury nor anything else in plaintiff's complaint can be construed as alleging that he was in imminent danger of serious physical injury at the time he filed his complaint. Plaintiff's allegations do not meet the imminent danger exception of § 1915(g) and, therefore, plaintiff is not excused from paying the complete filing fee.

For the reasons stated above, plaintiff's complaint should be **DISMISSED** without prejudice. If plaintiff wishes to proceed with the claims he raises in this suit, he must file a new complaint accompanied by the full $350.00 filing fee.

The Court's Orders granting leave to proceed *in forma pauperis* and ordering collection of the filing fee from plaintiff's trust account (docs. 3, 6)

4

are **VACATED**, his request to proceed *in forma pauperis* is **DENIED**, and plaintiff's custodian is **DIRECTED** to disregard the Court's instructions to forward the initial filing fee and set-asides to the Clerk.

**SO REPORTED AND RECOMMENDED** this 21st day of August, 2006.

*/s/ M. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA